**ORIGINAL**

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JERRY RAGIAZA DOMINGO,<br><br>Defendant - Appellant. | No. 03-10574<br>D.C. No. CR-01-00060-SOM<br><br>**JUDGMENT** |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 17 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

On consideration whereof, it is now here ordered and adjudged by this Court, that the appeal in this cause be, and hereby is **DISMISSED**.

Filed and entered 12/20/05

A TRUE COPY
ATTEST 1/11/06

CATHY A. CATTERSON
Clerk of Court

by: _____
Deputy Clerk

**FILED**

**DEC 20 2005**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JERRY RAQIAZA DOMINGO,<br><br>Defendant - Appellant. | No. 03-10574<br><br>D.C. No. CR-01-00060-SOM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted November 21, 2005**
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

Jerry Raqiaza Domingo appeals his judgment and sentence for one count of knowingly and intentionally possessing with intent to distribute crystal methamphetamine in excess of fifty (50) grams in violation of 21 U.S.C.

---

    *    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

    **    This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 841(a)(1). We conclude that Domingo has waived his right to appeal and therefore his appeal must be dismissed.

Domingo made a valid and enforceable waiver of his appellate rights. *See U.S. v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000) ("The sole test of a waiver's validity is whether it was made knowingly and voluntarily."). Both the express language of the plea agreement and the dialogue between Domingo and the district court at the change of plea hearing indicate that Domingo's waiver of his appellate rights was both knowing and voluntary. The possibility of a sentence below that which may have been imposed after a jury trial was a benefit to Domingo. *See Corbitt v. New Jersey*, 439 U.S. 212, 219-20 (1978) ("The plea may obtain for the defendant 'the possibility or certainty [of] a lesser penalty than the sentence that could be imposed after a trial and a verdict of guilty.'")(citing *Brady v. United States*, 397 U.S. 742, 751 (1970)).

The validity of Domingo's waiver of appellate rights is not affected by the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005). *See United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005)(holding that "a change in the law does not make a plea involuntary and unknowing"); *see also United States v. Cortez-Arias*, 403 F.3d 1111 (9th Cir. 2005), *as amended*, 425 F.3d 547 (9th Cir. 2005)(holding that a waiver of appellate rights made prior to

*Booker* precludes appellate relief under *Booker*). Despite the change in law affected by *Booker*, Domingo's waiver remains effective.

**DISMISSED**.

A TRUE COPY
ATTEST  1/11/06
CATHY A. CATTERSON
Clerk of Court
by:
Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
03-10574 USA v. Domingo

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Thomas C. Muehleck, AUSA<br>FAX 808/541-2958<br>808/541-2850<br>Suite 6-100<br>[COR LD NTC aus]<br>USH - OFFICE OF THE U.S. ATTORNEY<br>PJKK Federal Building<br>300 Ala Moana Blvd.<br>P.O. Box 50183<br>Honolulu, HI 96850 |
| v. | |
| JERRY RAGIAZA DOMINGO<br>    Defendant - Appellant | DeAnna S. Dotson, Esq.<br>FAX 808/672-5058<br>808/391-7308<br>[COR LD NTC cja]<br>P.O. Box 700953<br>Kapolei, HI 96709-0953 |